SHADER v. RAILWAY PASSENGERS ASSURANCE COMPANY.

*Insurance — Accident policy — conditions in — intoxication.*

An accident insurance policy contained this condition : " No claim shall be made under this policy where the death or injury may have happened while the insured was, or in consequence of his having been, under the influence of intoxicating drinks." The insured was accidentally shot, while intoxicated, by a drunken companion, with whom he had been drinking. *Held*, that the policy was avoided. The provision avoided liability if the insured was in the condition of intoxication, without regard to whether it had any agency in producing the death or injury.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury.

The action was brought by George M. Shader, administrator, etc., of Wesley E. Shader, deceased, against the Railway Passengers Assurance Company, of Hartford, Connecticut, upon an accident insurance policy issued by defendant upon the life of the intestate. Sufficient facts appear in the opinion.

*George F. Danforth,* for appellant.

*Adams & Strang,* for respondent.

MULLIN, P. J. On the 21st of February, 1871, Wesley E. Shader, plaintiff's intestate, procured from the defendant's agent in Jersey City, a ticket known as a general accidental insurance ticket, issued by the defendant, insuring him against loss of time for not exceeding 26 weeks, by reason of bodily injuries suffered during the life of said policy, and in case of the death of said Shader, the defendant agreed to pay to his personal representatives the sum of $3,000. The insured paid for said ticket the sum of 25 cents, and by its terms it was to continue in force from 7 P. M. of the 21st to the same hour in the evening of the 22d of February.

The insured, after receiving said ticket, went from Jersey City to Towanda, in Pennsylvania, where he arrived on the morning of the 22d. He spent the day at the house of one Henry Ward, and in the course of the day he and Ward drank from a bottle of champagne and from a bottle of Irish whisky, but it does not appear that either was so far under the influence of the liquor as to indicate it in their conduct prior to sitting down to dinner about 5 P. M.

At dinner champagne and whisky were put upon the table by the direction of Ward, and both drank, and several witnesses testify that the insured showed by his speech and manner that he was under the influence of liquor. Others who saw him either shortly before or at the beginning of the dinner, thought him not under the influence of liquor if he had drank any.

While at dinner Ward and the insured were talking about shooting, and the latter told Ward he could not shoot a frog, and Ward told him he could shoot his (intestate's) ear, and the latter told him he might shoot at it for ten cents, and soon thereafter a shot was heard, and on going into the dining-room the insured was

found on his knees on the floor with his face on the settee groaning and in great pain.

The ball struck him in the abdomen and passed through one lobe of the liver and lodged in a muscle near the spine. The wound caused his death in a few days. Proofs of his death were subsequently furnished to the company, but it refused to pay on the grounds, 1st. That the policy had expired before the shot was fired, and 2d. Because the insured was under the influence of liquor at the time he was shot.

The last ground of refusal rests on the following provision in the policy : "No claim shall be made under this policy where the death or injury may have happened while the insured was, or in consequence of his having been, under the influence of intoxicating drinks."

The court in the charge to the jury instructed them, that the plaintiff could not recover if the evidence satisfied them that the shooting and wounding of the assured happened in consequence of his having been under the influence of intoxicating liquor at the time. He further instructed them that the question was not simply whether he was under the influence of intoxicating liquors at the time, but it was whether the injury occurred in consequence of that. "The question is, was the injury the natural or reasonable cause of his being in that condition." The same proposition was repeated again in the charge ; and the request to charge that plaintiff could not recover if the intestate was under the influence of liquor when he was shot, was refused. So that the single point presented for our consideration is, whether the instruction given by the learned judge was a correct exposition of the rule of law applicable to the case before them.

An insurer has the right to relieve himself from liability in the event that the insured shall fail to comply with such reasonable conditions as may be imposed upon him by the contract of insurance. The insurer may impose the condition that the insured shall not drink intoxicating liquors, and such a condition would be reasonable, for although some men may drink liquor and their ability to act prudently in an emergency or to protect themselves against danger may not be impaired, yet there are others whom a very small quantity will excite and render less capable, physically, as well as mentally, of taking care of themselves when danger is imminent.

The burden of proof of a violation of the conditions devolves as a general rule on the insurer, and it would be exceedingly difficult if not impossible for him to show that the insured was at the time of his death or injury intoxicated so as to be incapable of taking care of himself. The security of the company calls for a prohibition of its use during the running of the policy, should it deem it necessary.

To be under the influence of intoxicating liquors, within the meaning of this policy, the insured must have drank enough to disturb the action of the physical or mental faculties, so that they are no longer in their natural or normal condition. When, therefore, the defendant imposed upon persons insured by it the condition that it would not be liable when death or injury should happen while the insured was under the influence of liquor, the intention manifestly was to require the insured to limit its use in such a degree as that he retained full control over his faculties of mind and body. While he did so the company was reasonably secure against the insured exposing himself unnecessarily to danger from his own act or the acts of others, produced by his own irritating or offensive conduct or language.

It is the condition in which a person places himself by the use of liquor that the company intended to guard itself against, as well as against death or injury resulting from its use.

To require the company to prove before it can relieve itself from liability, not only that the insured was under the influence of liquor when the death occurred, but that drinking it caused the death, either by direct action on the vital organs or by exciting the passions of the person insured so as to cause him to insult or injure others to such a degree as to induce them to take his life, is imposing an additional burden on the company, not embraced in the terms of the policy.

The cases that hold that the insurer must show that the relation of cause and effect exists between the thing prohibited and the death or injury, have no application to the clause under consideration, as it avoids liability if the insured was in a certain prohibited condition, without regard to whether it had any agency in producing death or injury. By putting himself under the influence of liquor, he deprived the company of the security it would otherwise have had, that he would do nothing to expose his life or health unnecessarily to injury.

The circumstances attending the shooting justify the inference that the drunken bravado of the insured, if it did not directly induce Ward to shoot him, had a tendency to excite and irritate him, and thus provoke him to shoot.

The succeeding clause in the condition, which is in the following words: "Or in consequence of his having been under the influence of intoxicating drinks," presents the distinction which I desire to draw between the first clause of the condition and those in which it must be shown by the company that the death or injury was the consequence of violating or not complying with the condition.

To render the company liable under the clause last mentioned, the death or injury must not be in consequence of the previous use of liquor. The relation of cause and effect must exist between the use of the liquor and the death or injury.

Had the first clause provided that the company should not be liable when the death or injury was in consequence of being under the influence of intoxicating liquor, the relation of cause and effect must be established in order to relieve the insurer from liability. But while the language which calls for proof of the relation between the use of liquor and the death or injury is found in one clause of the condition it is carefully excluded in the preceding clause, showing manifestly that it was not the intention to require the company to prove that death or injury occurring while the insured was under the influence of liquor was in consequence of being in that condition.

I am, therefore, of the opinion that the charges as given, and the refusal to charge as requested, were erroneous, and that a new trial should be granted, costs to abide the event.

*New trial granted.*